### No. C-283

## Kenneth Ware v. The City and County of Denver
(511 P.2d 475)

Decided July 2, 1973.

Gerald A. Gerash, Daniel Bremer, for petitioner-appellant.

Max P. Zall, City Attorney, Lloyd K. Shinsato, Assistant, Heinz Kroeger, Assistant, for respondent-appellee.

*En Banc*

MR. JUSTICE GROVES delivered the opinion of the Court.

■ The defendant was convicted in the county court for uttering the words "fuck you" in violation of a city ordinance. The ordinance provided that:

"It shall be unlawful for any person to disturb or tend to disturb the peace of others by . . . offensive language, calculated to provoke a breach of the peace . . . ."

The Superior Court affirmed. We reverse for the reason that the ordinance was unconstitutionally applied. We do not here rule the ordinance itself to be unconstitutional.

The defendant, a non-student, was among an audience of over 200 persons at a meeting held on the University of Denver campus to hear representatives of the United States Department of Justice. It was known in advance that the subjects to be discussed would be controversial and that dissent might be expressed by the audience.

The meeting began with short speeches by the Justice Department representatives. The meeting was then opened for questions from the audience. Members of the audience inquired as to the policies of the national administration. Answers given were unsatisfactory to a number of those in the audience, and some members of the audience became angry. There were numerous outbursts by the audience including laughter, shouting, and utterances of the quoted words and other unseemly expressions. These outbursts were in response to statements by the Justice Department representatives. There was no evidence that the defendant's comment — or any of the comments — provoked anyone into any form of physical response, except that two persons near the defendant left, stating that they did not like the language.

It is apparent from the record that the outbursts of the defendant and others were responses to political opinions and the voicing of contrary opinions. There was no breach of the peace and there is nothing in the record to indicate that the

defendant "calculated to provoke a breach of the peace" by the utterance here in question.

The United States Supreme Court has held that under the First Amendment as applied to the states by the Fourteenth Amendment, a statute or ordinance such as this one cannot proscribe free speech unless the words spoken are "fighting words." In *Cohen v. California,* 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971), the defendant was in a public place wearing a jacket bearing the words, "Fuck the Draft." It was said:

"This Court has also held that the States are free to ban the simple use, without a demonstration of additional justifying circumstances, of so-called 'fighting words,' those personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction. Chaplinsky v. New Hampshire, 315 U.S. 568, 86 L.Ed. 1031, 62 S.Ct. 766 (1942). While the four-letter word displayed by Cohen in relation to the draft is not uncommonly employed in a personally provocative fashion, in this instance it was clearly not 'directed to the person of the hearer.' Cantwell v. Connecticut, 310 U.S. 296, 309, 84 L.Ed. 1213, 1221, 60 S.Ct. 900, 128 ALR 1352 (1940). No individual actually or likely to be present could reasonably have regarded the words on appellant's jacket as a direct personal insult. Nor do we have here an instance of the exercise of the State's police power to prevent a speaker from intentionally provoking a given group to hostile reaction. Cf. Feiner v. New York, 340 U.S. 315, 95 L.Ed. 295, 71 S.Ct. 303 (1951); Terminiello v. Chicago, 337 U.S. 1, 93 L.Ed. 1131, 69 S.Ct. 894 (1949). There is, as noted above, no showing that anyone who saw Cohen was in fact violently aroused or that appellant intended such a result."

\* \* \*

"For, while the particular four-letter word being litigated here is perhaps more distasteful than most others of its genre, it is nevertheless often true that one man's vulgarity is another's lyric. Indeed, we think it is largely because

governmental officials cannot make principled distinctions in this area that the Constitution leaves matters of taste and style so largely to the individual."

Mr. Justice Harlan delivered the majority opinion in *Cohen,* as well as in *Street v. New York,* 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969). In *Street,* civil rights leader James Meredith had been shot by a sniper in Mississippi. The defendant took an American flag to a New York street corner and set it afire, stating: "We don't need no damn flag . . . . If they did that to Meredith, we don't need an American flag." It was stated as follows in the opinion:

"Appellant's words, taken alone, did not urge anyone to do anything unlawful. They amounted only to somewhat excited public advocacy of the idea that the United States should abandon, at least temporarily, one of its national symbols. It is clear that the Fourteenth Amendment prohibits the States from imposing criminal punishment for public advocacy of peaceful change in our institutions."

The cited cases are dispositive here.

The judgment is reversed and the cause remanded to the Superior Court with directions that it remand to the county court with directions to dismiss the complaint.