**The People of the State of Colorado v. Janelle Hayden**
**No. 26865**
**The People of the State of Colorado in the Interest of M.J.S., a child, and Concerning M.A.F.**
**No. C-732**
**Ronald Lee Hansen, Jr. v. The People of the State of Colorado**

(548 P.2d 1278)

Decided April 19, 1976.

Alexander M. Hunter, District Attorney, Peter A. Hofstrom, Deputy, for petitioner, in No. C-663.

George A. Johnson, for respondent, in No. C-663.

Carroll E. Multz, District Attorney, Donna A. Salmon, Deputy, for plaintiff-appellant, in No. 26865.

Videon & Thornberry, Fred A. Videon, Thomas C. Thornberry, for defendant-appellee, in No. 26865.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert DuVal Hicks, Deputy, T. Michael Dutton, Deputy, for petitioner, in No. C-732.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, J. Stephen Phillips, Assistant, for respondent, in No. C-732.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The three captioned cases have been consolidated for disposition because they present the same issue: Is subsection (1)(a) of the disorderly conduct statute, 1971 Perm. Supp., C.R.S. 1963, 40-9-106,[1] unconstitutionally overbroad or vague on its face so as to deny the right of freedom of speech guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article II, Sec. 10, of the Colorado Constitution?

The defendants were charged under the challenged subsection of the disorderly conduct statute which provides:

"(1) A person commits disorderly conduct if he intentionally, knowingly, or recklessly:

"(a) Makes a coarse and obviously offensive utterance, gesture, or display in a public place; . . ."

In *People v. Hayden*, No. C-663, and *People of the State of Colorado in the Interest of M.J.S., a Child, and concerning M.A.F.*, No. 26865, the respective district courts held the subsection facially unconstitutional. In *Hansen v. People*, No. C-732, the trial court sustained the statute against a constitutional attack. We granted certiorari in No. C-663 and No. C-732, and the district attorney appealed the adverse decision in No. 26865. The district attorneys concede that the subsection is facially overbroad, but urge this court to place a limiting construction on the subsection in order to cure its constitutional infirmity. The Attorney General also concedes that the subsection is facially overbroad but, unlike the district attorneys, contends that the language of the subsection is not susceptible to a judicial construction which would correct the overbreadth.

We conclude that the subsection is unconstitutional because it is facially overbroad, and we decline to restrictively construe the subsection for the reasons herein stated. The vagueness issue thus becomes moot. Therefore, we affirm No. C-663 and No. 26865, and we reverse the judgment in No. C-732.

---

[1] Now section 18-9-106, C.R.S. 1973.

■ A statute is facially overbroad in the free speech context if it substantially infringes upon or impairs constitutionally protected speech while proscribing speech which is not constitutionally protected. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975); *Marks v. City of Anchorage*, 500 P.2d 644 (Alaska 1972). The doctrine has been consistently applied in the free speech context because courts recognize the preferred status bestowed upon the right to free speech by our constitutions. *People v. Vaughan*, 183 Colo. 40, 514 P.2d 1318 (1973).

The challenged subsection prohibits certain types of utterances, gestures and displays in a public place. It is clear that the statute's proscription applies to speech and "expression closely akin to speech." *People v. Vaughan, supra*. The subsection must therefore be subjected to exacting judicial scrutiny in order that freedom of expression may have the "breathing space to survive" which it requires. Our overbreadth analysis will first delineate the constitutional bounds of protected and unprotected speech. Then it will proceed to determine whether the challenged subsection is facially overbroad, and then discuss the question of whether a limiting construction may be placed on the challenged subsection to cure its constitutional infirmity.

### Protected and Unprotected Speech

■ The United States[2] and Colorado[3] constitutions provide, respectively, that no law "abridging" or "impairing" freedom of speech shall be enacted. The courts have recognized that the constitutional prohibition is not absolute. A limited number of exceptions have been carved from the general prohibition against such laws where an overriding state interest has been clearly shown. *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); *Bolles v. People, supra*. Courts have upheld the constitutionality of statutes which prohibit obscenity,[4] libel,[5] incitement,[6] invasion of substantial privacy interests of the home,[7] and "fighting words."[8] However, the prohibitory legislation must be precisely and narrowly drawn to proscribe only *unprotected* speech. *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). Otherwise, the statute will be struck down as facially overbroad.

---

[2] U.S. Const. amend. I, applies to the states through U.S. Const. amend. XIV. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

[3] Colo. Const. Art. II, Sec. 10.

[4] *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

[5] *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

[6] *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969).

[7] *Rowan v. U.S. Post Office Dept.*, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970).

[8] *Chaplinsky v. New Hampshire, supra*.

Overbreadth

█ The only exception which could permit the legislature to enact the statute challenged here is the "fighting words" exception. "Fighting words" are those which by their very utterance tend to incite others to unlawful conduct or provoke retaliatory actions amounting to a breach of the peace. *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). *Chaplinsky v. New Hampshire supra*, *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Bolles v. People, supra; People v. Vaughan, supra; Ware v. Denver*, 182 Colo. 177, 511 P.2d 475 (1973).

█ The challenged subsection makes no attempt to limit its application to "fighting words." It applies to the proscribed communications without regard to their probable effect on others. It is abundantly clear that the subsection on its face sweeps within its coverage protected as well as unprotected speech. Thus, it is facially overbroad.

Limiting Construction

In order to sustain the constitutionality of the subsection, we would have to follow the method used by the New Hampshire Supreme Court in *State v. Chaplinsky*, 91 N.H. 310, 18 A.2d 754 (1941). The New Hampshire statute under attack in *Chaplinsky*, like the statute here, did not contain the "fighting words" limitation. However, the Supreme Court of New Hamphire construed the statute as though such a limitation was part of the statute. The New Hampshire court construed the section before it as proscribing those words only which have a direct tendency to cause acts of violence by the person or persons to whom the "fighting words" are addressed. This limiting construction made the statute constitutional. The United States Supreme Court agreed with the construction applied by the New Hampshire court and affirmed. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

In 1971 when the General Assembly rewrote the Criminal Code, at least as to the disorderly conduct section, it stated that it was following the "Texas Proposal."[9] The Comment to 1971 Perm. Supp., C.R.S. 1963, 40-9-106, states:

"This section is taken from Texas proposal section 42.01. A lengthy annotation appears in connection with the Texas section."

Texas enacted section 42.01 as part of the Texas Penal Code, by Acts 1973, 63rd Legislature, effective January 1, 1974.[10] It appears in Title 9, Chapter 42, Disorderly Conduct and Related Offenses. It reads in part as follows:

---

[9] At the beginning of Chapter 40, 1971 Perm. Supp., C.R.S. 1963, under the heading — "Identification of References to Source Material" — the following appears:
"A reference to the 'Texas Proposal' means the October, 1970, final draft of State Bar Committee on Revision of the Penal Code."

[10] Section apparently was copied from the "Texas Proposal" referred to above.

"(a) A person commits an offense if he intentionally or knowingly:

"(1) uses abusive, indecent, profane, or vulgar language in a public place, *and the language by its very utterance tends to incite an immediate breach of the peace*;

"(2) makes an offensive gesture or display in a public place, *and the gesture or display tends to incite an immediate breach of the peace*;" (Emphasis added.)

The italicized wording was omitted from the Colorado statute. Otherwise, the two statutes are substantially alike. It is interesting to note that the lengthy annotation to section 42.01 opens with this statement:

"Subsections (a)(1) and (2) proscribe fighting words or acts in a public place. Much of the language in the subdivisions comes from *Chaplinsky v. State of New Hampshire*, 62 S.Ct. 766, 315 U.S. 568, 86 L.Ed. 1031 (1942) which first formulated the 'fighting words' exception to the first amendment's free speech guarantee."

█ The legislature omitted the language contained in the "Texas Proposal," which brought that statute within the "fighting words" exception to the free speech mandate of both the federal and state constitutions. In view of this positive action by the General Assembly, we are therefore, foreclosed from considering the application of *Chaplinsky* doctrine of limiting construction to this statute.

The judgments in cases No. C-663 and No. 26865 are affirmed, and the judgment in case No. C-732 is reversed and the case is remanded with directions that it be dismissed.

MR. JUSTICE DAY does not participate.