## No. C-1426

## The People of the State of Colorado v. Ruby Anna Henderson

(586 P.2d 229)

Decided November 6, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, for petitioners.

Paul H. Cragan, Don L. Nelson, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the Colorado Court of Appeal's opinion which denied the People's claim because it had not been raised in a timely fashion. *People v. Henderson,* 40 Colo. App. 147, 574 P.2d 872 (1977). The People contended for the first time on appeal that the district court lacked jurisdiction to suspend the defendant's sentence. We find the issue to be properly before us, and we hold that the district court did have power to suspend the sentence.

The defendant, Ruby Henderson, was convicted of resisting arrest.[1] The district court imposed a sentence of six months, but suspended the sentence on the condition that the defendant conduct herself as a law abiding citizen. The defendant did not request probation, nor can the court's sentence be read as a grant of probation. The defendant did not appeal this conviction, but rather appealed the conviction mentioned in footnote 1.

■ Because no motion for a new trial or cross-appeal had been filed, the court of appeals did not address the merits of the People's contention that the trial court lacked authority to suspend the defendant's sentence for resisting arrest. We agree with the People that the alleged defect is jurisdictional and, therefore, we consider the issue.

The People argue that section 16-11-101, *et seq.,* C.R.S. 1973 (1976 Supp.) does not authorize trial courts to suspend sentences except in conjunction with a grant of probation. Since no probation was granted, they ask us to declare the suspension void and reinstate the original sentence of six months' imprisonment.

---

[1] The defendant was also convicted of disorderly conduct for which she was sentenced to 90 days' imprisonment. However, the portion of the disorderly conduct statute under which the defendant had been convicted and sentenced was declared unconstitutional in *Hansen v. People,* 190 Colo. 457, 548 P.2d 1278 (1976). Consequently, the court of appeals reversed and remanded the disorderly conduct portion of the case with directions to dismiss the charge and set aside the sentence. The People do not challenge this portion of the court of appeals' opinion.

■ The legislature repealed C.R.S. 1963, 39-16-6(1) which, among other things, authorized courts to "suspend the imposition or execution of sentence," and enacted in its stead section 16-11-202, C.R.S. 1973 which permits the trial court to grant probation "upon such terms and conditions as it deems best." Justice Erickson noted in *People v. Ray:*
"Nothing in the legislative history suggests that the legislature intended to restrict the power of the court by the deletion of this surplusage [*i.e.,* references to suspension of sentences]." 192 Colo. 391, 560 P.2d 74 (1977).

■ The issue in *People v. Ray, supra,* was the deferral of the defendant's sentence in conjunction with a grant of probation, whereas we are considering the suspension of defendant's sentence in the absence of a grant of probation. We, however, find the language quoted above equally applicable to the present case; and we conclude that the legislature did not intend to limit the power of trial courts to suspend sentences by enacting section 16-11-101, *et seq.,* C.R.S. 1973 (1976 Supp.).

■ The People respond that, while *People v. Ray, supra,* may establish that courts retain power to suspend sentences when they are granting probation, it is no authority for such power in the absence of such a grant. We do not agree that the absence of a grant of probation is a decisive factor. So long as the circumstances would have justified a grant of probation and the defendant was eligible for probation, the fact that the judge did not impose it does not vitiate his power to suspend sentences.

■ As the defendant did not object to the sentence, we reverse the court of appeals' opinion that the defendant should be resentenced under that conviction. We return this matter to the court of appeals for remand to the district court with directions consonant with the views expressed in this opinion.

MR. JUSTICE PRINGLE dissents.

MR. JUSTICE KELLEY does not participate.

MR. JUSTICE PRINGLE dissenting:

I respectfully dissent for the reasons which I set forth in my dissenting opinion in *People v. Ray,* 192 Colo. 391, 560 P.2d 74 (1977).