The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Carroll D. BYRUM, Defendant–Appellee.

No. 89CA0074.

Colorado Court of Appeals, Div. A.

June 29, 1989.

As Modified on Denial of Rehearing July 20, 1989.

Alexander M. Hunter, Dist. Atty., and C. Phillip Miller, Asst. Dist. Atty., Boulder, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge RULAND.

The People appeal the trial court's modification of the defendant's mandatory sentence for violent crime pursuant to § 16–11–309(1)(a), C.R.S. (1986 Repl.Vol. 8A). We affirm the modified sentence.

The defendant, Carroll D. Byrum, was convicted of manslaughter and second-degree murder in the shooting deaths of his estranged wife and her male companion in 1985. Pursuant to § 16–11–309(1)(a), the defendant was sentenced to 24 years and one day on the second degree murder conviction, to run concurrently with the five-year sentence he received for the manslaughter conviction. The crime of violence sentence was the minimum available under the version of § 16–11–309(1)(a), then in effect. *Cf.* § 16–11–309(1)(a), C.R.S. (1988 Cum.Supp.).

The defendant subsequently moved the trial court for reconsideration of the sentence, as authorized in § 16–11–309(1)(a), on the ground that his case was exceptional and involved unusual and extenuating circumstances. Evidence adduced at the hearing, including the diagnostic summary from the Department of Corrections, showed that the defendant's wife had become physically and psychologically abu-

sive towards him after suffering a miscarriage in 1960. This abuse included pointing a loaded gun at him and their two children, beating him, and forcing him to live in a small room in the basement of their home for one and one-half years. Medical evidence showed that the defendant suffered from brain lesions and major depression, manifested by severe mood swings and hyperactivity.

Two weeks after his wife forced him to leave the family home, the defendant decided to commit suicide but thought to attempt a reconciliation with his wife first. When he returned home, the defendant found his wife with another man and shot them both.

The transcript of the modification hearing indicates that the trial court believed both deaths should have resulted in heat-of-passion manslaughter convictions and sentences, but for the fact that the male victim did nothing to provoke the defendant. In addition to the evidence of the defendant's abusive family situation and mental problems, the court considered the fact that the defendant had no previous criminal convictions, that he had been a model prisoner, and that, with regular medical drug treatment, he could lead a normal life. Then, upon a finding of unusual and extenuating circumstances, the trial court reduced the defendant's sentence on the second degree murder conviction to 16 years imprisonment.

The People's primary contentions on appeal are that: (1) the record is insufficient as a matter of law to support findings by the trial court that the defendant's case was exceptional and involved unusual and extenuating circumstances under § 16–11–309(1)(a); (2) the trial court failed to make the findings necessary to support a sentence reduction; and (3) the trial court erred in considering the defendant's conduct as a prisoner in determining whether extenuating circumstances existed.

Initially, we address the defendant's motion to dismiss the appeal. The defendant notes that § 16–12–102(1), C.R.S. (1986 Repl.Vol. 8A) limits appeals by the People to questions of law, and, asserting that this appeal involves only questions of fact, he contends it is not sustainable. We deny the motion.

Even if we assume that resolution of the People's first and second contentions concerns only questions of fact, the third argument does not. This argument posits the legal issue of whether the trial court properly considered post-conviction conduct under § 16–11–309(1)(a).

Addressing the appeal on its merits, we conclude that the trial court's decision to modify the sentence must be affirmed. A review of the record reflects sufficient evidence to support the findings and conclusion of the trial court, and thus, we cannot say that the trial court erred as a matter of law. Further, the various comments by the trial court during the course of the hearing reveal the basis for its decision and that the statutory requirements were satisfied. Finally, the statute does not preclude the trial court from considering the defendant's post-conviction conduct in determining whether extenuating circumstances have been established. This conclusion necessarily follows from the fact that the court is expressly authorized by the statute to consider the evaluation submitted by the Department of Corrections.

The trial court's failure to report to the state court administrator as required by § 16–11–309(1)(a) does not affect the validity of the modified sentence.

Modified sentence affirmed.

PIERCE, J., concurs.

KELLY, C.J., specially concurs.

KELLY, Chief Judge, specially concurring.

I would dismiss the appeal on jurisdictional grounds, and therefore, I specially concur.

It is my view that the People may not bring an appeal of a sentence imposed by the trial court unless the sentence is illegal. *See People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978); *People v. Henderson,* 196 Colo. 441, 586 P.2d 229 (1978). Although § 16–12–102(1), C.R.S. (1986 Repl. Vol. 8A) and C.A.R. 4(b)(2) authorize an appeal by the People "upon any question of

law," no prejudice to the People arises from the imposition of a sentence which complies with the statutorily-prescribed limits.

Moreover, until the enactment of § 18–1–409, C.R.S. (1986 Repl.Vol. 8B) effective in 1972, no appeal of a sentence was available to a defendant in a criminal case other than on Eighth Amendment constitutional grounds. Absent this statute, appellate review of a sentence would be unavailable even to a defendant, with the exception noted.

Under these circumstances, I would rule that the People may not appeal a sentence in a criminal case based on a challenge to the sufficiency of the evidence, even if that challenge asserts the insufficiency of the evidence as a matter of law. A sentence that complies with the statutory mandate rests within the discretion of the trial court and may not be reviewed at the behest of the People. Since the People's only interest in a sentence is limited to assuring that the sentence is legal, and since this sentence is not illegal, I would dismiss the appeal.