The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

David Martin BEYER, Defendant–Appellee.

No. 89CA1546.

Colorado Court of Appeals, Div. I.

April 26, 1990.

Rehearing Denied May 17, 1990.

John W. Suthers, Dist. Atty., Robert M. Brown, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

The People appeal from the trial court's reduction of the sentences imposed upon defendant, David Martin Beyer. We vacate a portion of the modified sentences and remand with instructions.

Following a trial to the court, defendant was found guilty of attempted first degree murder, conspiracy to commit first degree murder, two counts of second degree kidnapping, second degree assault, menacing, and four counts of crime of violence. Colo. Sess.Laws 1985, ch. 145, § 16–11–309 at 647, as then in effect, mandated that for each conviction of a crime of violence, the defendant was to be sentenced to a term of incarceration greater than the maximum in the presumptive range. Based upon this statute, by imposing consecutive sentences for each count of crime of violence, the trial court initially sentenced the defendant to 64 years and 4 days, the minimum possible aggravated range sentence. The pertinent facts surrounding defendant's convictions are set forth in *People v. Beyer*, 768 P.2d 746 (Colo.App.1988) wherein we previously affirmed the sentences imposed.

Following our decision, the trial court held a hearing on defendant's motion to reconsider the sentences pursuant to Crim.P. 35. The court thereupon reduced defendant's sentences to 5 years on each count to be served concurrently.

## I.

Under Crim.P. 35(b), the court may upon either a timely motion or its own initiative, reduce the sentence imposed on a defendant. The rule allows the court to reconsider, in the interests of justice, the sentence previously imposed, in light of all relevant and material factors which may or may not have been initially considered by the court and, in its sound discretion, resentence the defendant to a lesser term "within the statutory limits." *People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975).

## A.

■ The People argue that the trial court's modified sentences for each conviction to a five-year concurrent term are below the statutory minimum of 64 years and 4 days and are therefore not within statutory limits. Except for the concurrent term provisions of the modified sentences, we disagree.

Defendant admits that "the court was required to impose a term of at least 64 years and 4 days" and also that the reduction of his sentence must be "within statutory limits." He argues, however, that the trial court is empowered under § 16–11–309 to modify a crime of violence sentence, even to the point of probation, upon a finding of unusual and extenuating circumstances. Therefore, he asserts that a five-year concurrent sentence is statutorily permissible.

Colo.Sess.Laws 1985, ch. 145, § 16–11–309(1)(a) at 647 then provided:

"[A]ny person convicted of a crime of violence shall be sentenced pursuant to section 18–1–105(9), C.R.S., to a term of incarceration greater than the maximum in the presumptive range ... except that ... the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence.... Such modification may include probation if the person is otherwise eligible therefor. Whenever a court finds that modification of a sentence is justified, the judge shall notify the state court administrator.... A person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently."

This statute allows the trial court, under certain circumstances appearing on review of a mandatory sentence for violent crime, to reduce the sentence previously imposed below the maximum of the presumptive range. *See People v. Wells*, 775 P.2d 563 (Colo.1989); *People v. Byrum*, 784 P.2d 817 (Colo.App.1989). Accordingly, the modified sentences are, except for the concurrent term provisions, within the statu-

tory limits of § 16–11–309, even though they are below the maximum presumptive terms.

At the hearing on the motion to modify the sentences, the defendant argued for reduction under the statute, not Crim.P. 35. Inasmuch as the modified sentences are "within the statutory ° limits" of § 16–11–309, the court had jurisdiction to proceed under Crim.P. 35. We therefore reject the People's contention that the trial court exceeded its jurisdiction.

## B.

We also cannot accept the People's argument that § 18–1–105(9)(a)(I), C.R.S. (1986 Repl.Vol. 8B) mandates that any modified sentence be within the aggravated range.

A sentence within the aggravated range, *i.e.,* a term greater than the maximum in the presumptive range, must be imposed whenever *any* of the extraordinary aggravating circumstances specifically enumerated in § 18–1–105(9)(a), C.R.S. (1986 Repl. Vol. 8B) are present, regardless of whether any mitigating factors are also present. *People v. District Court*, 713 P.2d 918 (Colo.1986). Here, defendant was convicted of four counts of crime of violence, which were extraordinary aggravating circumstances listed in § 18–1–105(9)(a).

However, we conclude that only the initial sentences must be within the aggravated range, and the trial court here complied with this statutory mandate by imposing the 64 year and 4 day combined sentences. To hold that a *modification* of those sentences below the maximum presumptive terms could not be effectuated renders meaningless the express provision in § 16–11–309 permitting modification to include probation. Thus, the sentences could be modified below the maximum presumptive terms, even though the initial sentences were required to be within the aggravated range. *See People v. Byrum, supra.*

For similar reasons, we also reject the People's contention that the trial court could not reduce the attempted first degree murder count to a period below the mini-

mum in the presumptive range. Section 16-11-309 allowed such modification.

## II.

Next, the People challenge the modified sentences on the basis of procedural defects. We find no reversible error.

■ The trial court's *delay* in reporting the modification to the state court administrator as required by § 16-11-309(1)(a) does not affect the validity of the modified sentences. *See People v. Byrum, supra* (*total failure* to report modification does not affect validity of modified sentence). And, contrary to the People's assertion, the record, as supplemented, indicates that the trial court did receive and review the required report from the Department of Corrections prior to modifying defendant's sentences.

■ Finally, as in *People v. Byrum, supra,* even though the court here did not expressly find that "unusual and extenuating" circumstances existed, the record amply reveals the factual basis for the court's decision. This is sufficient.

## III.

■ We assume without deciding that the People's next argument—that the facts relied upon by the trial court do not amount to such "extraordinary" or "unusual and extenuating" circumstances—is a question of law. *Cf. People v. Byrum, supra* (Kelly, C.J., specially concurring). The trial court here considered defendant's lack of a prior record, family situation, compliance with bond requirements, taking advantage of educational opportunities in prison, lack of substance abuse problems, and his remorseful attitude, together with a review of the circumstances surrounding the commission of the crime. We conclude that these are appropriate factors for consideration in determining the existence of extraordinary and unusual and extenuating circumstances and that the trial court did not err as a matter of law. *See People v. Byrum, supra.*

## IV.

■ As to the People's contentions that the trial court abused its discretion in reducing the defendant's sentences and that its findings are inconsistent, we conclude that these matters are not appropriate for review.

When the duration of a sentence complies with the statutory mandate, and is not "illegal," such a sentence rests within the sound discretion of the trial court and may not be reviewed at the behest of the People. *People v. Byrum, supra* (Kelly, C.J., specially concurring). Furthermore, the People's argument as to inconsistent factual findings is also not a proper subject matter for our review since it also does not involve a "question of law."

## V.

■ We agree with the People's assertion that the sentences must be consecutive for multiple crimes of violence.

Colo.Sess.Laws 1985, ch. 145, § 16-11-309 at 647, as then in effect, stated: "A person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." Such provision applies to defendant, and therefore, we agree with the People that it was error to modify the punishment to concurrent sentences.

We reject defendant's argument that modification from consecutive sentences to concurrent sentences is also permissible under this statute. As we recently noted, the express mandate of this statute is that the defendant's sentences, *whatever their length may be,* must run consecutively to each other. The imposition of concurrent sentences impermissibly disregards the General Assembly's intent and circumvents the mandatory sentencing scheme. *Colorado v. Pena,* —— P.2d —— (Colo.App. No. 88CA1229, Feb. 1, 1990); *see also People v. Guevara,* 775 P.2d 74 (Colo.App.1989).

Thus, while the trial court was empowered to reduce the lengths of the sentences under § 16-11-309, those modified sen-

tences must be consecutive to one another even when the sentences have been modified below the aggravated range. Accordingly, the amended mittimus directing that the sentences run concurrently cannot stand.

The portions of the modified sentences reducing the terms to five years on each count are affirmed. Those parts of the modified sentences allowing defendant's crime of violence counts to be served concurrently are vacated, and the cause is remanded with directions to order that the five-year sentences for the crime of violence counts be served consecutively.

PIERCE and HUME, JJ., concur.