The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gary Wayne McGREGOR,
Defendant–Appellant.

No. 86CA0440.

Colorado Court of Appeals,
Div. I.

Dec. 10, 1987.
Rehearing Denied Jan. 14, 1988.
Certiorari Denied July 5, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Gary McGregor, appeals the judgment of conviction entered upon jury verdicts of attempted second degree murder, first degree assault, first degree sexual assault, aggravated robbery, and four counts of crime of violence, as well as the sentences imposed. We affirm all the convictions and the sentences imposed thereon, except insofar as the sentences include one year of parole.

On April 23, 1985, defendant committed a daytime robbery in a flower shop during which he also sexually assaulted the clerk and cut her throat with a retractable blade utility knife. He was arrested the next day and, after being advised of his *Miranda* rights, acknowledged committing the robbery and the sexual assault, but claimed the knife wound was inflicted accidentally as he turned to leave the store.

I

Defendant first contends that the evidence concerning his intent to kill the victim was not sufficient to support his conviction for attempted second degree murder. We disagree.

Intent to commit an offense may be inferred from a defendant's conduct and the circumstances of the case. *Miller v. District Court*, 641 P.2d 966 (Colo.1982).

Here, the doctor who treated the victim following the assault stated that the defendant would have had to apply a considerable amount of pressure with the knife in order to inflict a wound of the kind suffered by the victim. It was his opinion that the wound must have been intentionally inflicted. This medical testimony also established that the wound involved a substantial risk of death.

Moreover, the victim testified that, after defendant cut her throat, he made her move her hand so that he could see how much she was bleeding. She said she could feel the blood running down her chest and that defendant smiled when he saw what he had done.

This evidence is sufficient to sustain a finding of intent to kill, and thus, the trial court did not err in submitting the charge of attempted second degree murder to the jury.

II

Defendant next contends the court erred by not requiring the People to accept his offer to stipulate that "there was full intercourse, both oral and vaginal," with the victim and by allowing the presentation of evidence upon the matter. We again disagree.

The People generally have the right to prove all elements of the charges against a defendant and are not required to accept a defendant's offer to stipulate to certain facts. *See Martin v. People*, 738 P.2d 789 (Colo.1987). However, if the defendant offers to stipulate to a fact and the People's case is not thereby weakened, the trial court may require the acceptance of

the stipulation if the offered evidence's probative value is substantially outweighed by the danger of unfair prejudice. *Martin v. People, supra; see* CRE 401 and 403.

■ An important factor in making this assessment is whether the stipulation carries probative weight similar to that of the proffered evidence. *Martin v. People, supra.* If the facts demonstrate that the proposed stipulation lacks probative weight similar to the proffered evidence, the People need not be deprived of the legitimate force of its evidence. *See Martin v. People, supra.*

The challenged evidence here was admissible to establish the elements of the offense of sexual assault in the first degree under § 18–3–402, C.R.S. (1986 Repl.Vol. 8B). Moreover, evidence of defendant's actions leading to the cutting of the victim's throat could also have been considered by the jury upon the issue of defendant's intent to commit second degree murder.

The evidence disclosed that defendant first robbed the flower shop clerk at knifepoint. He then required her to disrobe and sexually assaulted her. Finally, after dragging her about the shop by her hair, he made various threats to her and inflicted the wound to her throat.

■ The only substantial issue presented to the jury was whether the defendant committed this final act intentionally. In regard to this issue, the proffered stipulation did not detail defendant's acts, and thus, the jury's understanding of what actually transpired prior to the wounding of the victim would not have been materially aided by that stipulation. In our view, the trial court properly concluded that the probative value of the evidence sufficiently outweighed the danger of unfair prejudice and that the People's case would have been greatly weakened by an order requiring them to accept the stipulation. Under these circumstances, the court committed no error in not requiring the People to accept the proffered stipulation.

## III

We also reject defendant's contention that the court erred in sentencing him to a maximum term of imprisonment on each count and in basing such sentences upon the court's prediction of the defendant's future criminality.

Section 18–1–105(1)(b)(I), C.R.S. (1986 Repl.Vol. 3B) sets forth the factors that a sentencing court must consider "in imposing the sentence within the presumptive range." That statute provides that the:

"prediction of the potential for future criminality by a particular defendant, unless based on prior criminal conduct, shall not be considered in determining the length of sentence to be imposed."

In this case, however, defendant was convicted of a crime of violence in conjunction with each of the four substantive counts, and thus, he was, in each instance, required to be sentenced to a term beyond the presumptive range. Section 18–1–105(9)(a)(I), C.R.S. (1986 Repl.Vol. 3B). Moreover, since he was convicted of more than one crime of violence arising out of the same incident, he was also required to be sentenced on a consecutive, rather than on a concurrent, basis. Section 16–11–309(1)(a), C.R.S. (1986 Repl.Vol. 8A).

Thus, the mimimum collective sentence that the trial court was required to impose was a term of imprisonment for 28 years. The trial court actually sentenced defendant to a term of 56 years. In imposing the maximum sentence, the court concluded that defendant could not be rehabilitated and that a long period of incarceration was required to protect society. We accept these conclusions as being the equivalent of a predition of future criminality by defendant.

The statutory limitation is expressly applicable when a court imposes a sentence within the presumptive range; it may have no applicability when a sentence beyond the presumptive range is required to be imposed. However, even if we assume that this limitation in § 18–1–105(1)(b)(I) must be applied when a sentence under § 18–1–105(9) must be imposed, we conclude that the trial court complied with that statutory requirement in this case.

■ At the time of the sentencing hearing, evidence was presented that de-

fendant had a juvenile record for assault, that he had beaten his girl friend on numerous occasions, and that he had threatened another individual with a handgun. A sentencing court may consider juvenile offenses, *see People v. Cisneros,* 745 P.2d 262 (Colo.App.1987), as well as conduct, though criminal, that has not been the subject of a conviction. *See People v. Lowery,* 642 P.2d 515 (Colo.1982). Likewise, we conclude that the "prior criminal conduct" referred to by the statute does not require proof of a prior criminal conviction, but may, as here, consist of a record of juvenile offenses or other criminal conduct, albeit not the subject of prior prosecution. Thus, this evidence of defendant's prior misconduct, combined with the evidence of the circumstances surrounding the commission of the offenses of which he was convicted, provided a proper basis for the trial court's conclusion that he had a "potential for future criminality."

In light of the record here, therefore, we cannot conclude that the trial court abused its discretion in imposing the maximum sentences. *See People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980).

### IV

■ Finally, defendant contends that his sentence to one year of parole was not authorized by statute and was illegal. We agree.

Section 18–1–105(1)(a)(II), C.R.S. (1986 Repl.Vol. 8B) does not authorize the imposition of a period of parole as part of a sentence for offenses committed on or after July 1, 1984, and before July 1, 1985. *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986). Thus, defendant could not have such a sentence imposed upon him.

The judgment and sentence are affirmed, except that the sentence to one year of parole is set aside, and the cause is remanded to the trial court for correction of the mittimus.

PIERCE and METZGER, JJ., concur.