The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Luis Eloy GUEVARA, Defendant–Appellant.

No. 87CA0618.

Colorado Court of Appeals, Div. V.

April 20, 1989.

Rehearing Denied May 18, 1989.

Duane Woodard, Atty. Gen. Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Luis Eloy Guevara, appeals a judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary, first degree sexual assault, second degree assault, assault on the elderly, and three counts of crime of violence. He also appeals the sentence imposed. We affirm both the judgment and sentence.

## I

■ Defendant asserts the evidence was insufficient to prove his guilt beyond a reasonable doubt because a victim's identification of him was not reliable. We disagree.

A challenge to the sufficiency of the evidence to support a criminal conviction requires a reviewing court to determine whether the evidence, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *People v. Tippett*, 733 P.2d 1183 (Colo.1987).

Here, the record reflects that at the time of the commission of the offense, the victim was within one and one-half feet of the perpetrator for a period of five to ten minutes. Illumination was provided by a television screen, a night light, and street lights. The victim was "absolutely positive" that the defendant was the perpetrator of the offense. This evidence suffices to prove the identification and guilt of the defendant beyond a reasonable doubt. *People v. Tippett, supra.*

## II

■ Defendant next asserts the trial court abused its discretion by sentencing the defendant to the maximum aggravated sentence. We disagree.

Sentencing is a discretionary decision which requires the weighing of various factors and striking a fair accommodation between the defendant's need for rehabilitation or corrective treatment and society's interest in safety and deterrence. *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980).

When imposing the sentence here, the trial court considered the defendant's three prior felony convictions in Texas and several misdemeanor convictions in Colorado, the fact that the defendant was on parole at the time of the offenses, his conviction of three crimes of violence, the brutal nature of the crimes, his great potential for future criminality, his threat to society, lack of rehabilitative potential, and the fact that the defendant had been released from incarceration only one day before these offenses took place.

While the trial court did comment on the defendant's failure to disclose information to the person preparing the pre-sentence investigation report, that factor related solely to the increased difficulty it caused for the court in making its sentencing decision. Despite defendant's assertions to the contrary, there is no indication that the trial court considered this factor in violation of the defendant's right against self-incrimination.

We conclude the trial court did not abuse its discretion by imposing the maximum aggravated sentence.

## III

■ Finally, defendant contends the trial court erred by sentencing him to consecutive terms pursuant to § 16–11–309, C.R.S. (1986 Rep.Vol. 8A) for the charges of first degree sexual assault and assault on the elderly. We disagree.

Section 16–11–309(1)(a), C.R.S. (1986 Rep. Vol. 8A) provides that a person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently. Section 16–11–309(1)(b), C.R.S. (1986 Repl. Vol. 8A), further provides that:

"Any person convicted of a crime against an elderly or handicapped person in which he used, or possessed and threatened the use of, a deadly weapon shall be sentenced to at least the maximum term of incarceration.... Thereafter, the provisions of paragraph (a) of this subsection (1) shall apply."

If a person is convicted of sexual assault in the first degree pursuant to § 18–3–402(3), C.R.S. (1986 Rep.Vol. 8B), as was the defendant here, that person shall not be sentenced under the crime of violence provisions of "section 16–11–309(2), C.R.S." Section 18–3–402(4), C.R.S. (1986 Repl.Vol. 8B). Section 16–11–309(2), C.R.S. (1986 Repl.Vol. 8A) defines the terms "crime of

violence," "elderly person," and "handicapped person."

Based upon the provisions of § 16–11–309, C.R.S. (1986 Repl.Vol. 8A), the trial court ordered the sentences for first degree sexual assault, second degree assault, and assault on the elderly to be served consecutively. The trial court further ordered that the sentence imposed for second degree burglary be served concurrently with the sentences for the other counts. Defendant claims a consecutive sentence for his conviction of first degree sexual assault was not mandated in light of the aforementioned language in § 18–3–402(4), C.R.S. (1986 Repl.Vol. 8B). However, that reference to § 16–11–309(2) does not preempt application of § 16–11–309(1)(b). Therefore, because this sexual assault involved an elderly victim, we find that the provisions of § 16–11–309(1)(a) applied and that a consecutive sentence was mandated.

We further find that the defendant's constitutional rights were not violated by the court's imposition of a consecutive sentence for his conviction of assault on the elderly pursuant to § 16–11–309. *See People v. Haymaker,* 716 P.2d 110 (Colo.1986) (imposition of punishment for crime of violence in addition to conviction and punishment for substantive offenses does not constitute double jeopardy in view of express legislative authorization); *People v. Montoya,* 736 P.2d 1208 (Colo.1987) (Sentencing in aggravated range for crime of violence did not violate equal protection guarantees). *Cf. Boulies v. People,* 770 P.2d 1274 (Colo.1989) (In the absence of express legislative authorization, for cumulative punishment, the Double Jeopardy Clauses prohibit the imposition of a sentence for felony murder and a consecutive sentence for the underlying felony).

Judgment of conviction and sentence affirmed.

PLANK and JONES, JJ., concur.