The **PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Joseph PENA, Defendant–Appellee.**

No. 88CA1229.

Colorado Court of Appeals,
Div. III.

Feb. 1, 1990.

Rehearing Denied March 1, 1990.

Certiorari Denied July 30, 1990.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, State Public Defender, Thomas M. Van Cleave III, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge TURSI.

The People appeal the trial court's failure to sentence defendant, Joseph Pena, to three consecutive life sentences rather than the three concurrent ones. We agree that consecutive life sentences are required and, therefore, vacate that facet of the sentences as imposed and remand for resentencing.

Defendant was charged with three counts of aggravated robbery in violation of § 18–4–302, C.R.S. (1986 Repl.Vol. 8B), conspiracy to commit aggravated robbery in violation of § 18–2–201, C.R.S. (1986 Repl.Vol. 8B), and commission of violent crime in connection with these offenses pursuant to § 16–11–309, C.R.S. (1986 Repl. Vol. 8A). The information was subsequently amended to include five additional counts alleging that defendant was an habitual criminal under § 16–13–101, C.R.S. (1986 Repl.Vol. 8A). A jury returned guilty verdicts on all counts.

The trial court sentenced the defendant to life imprisonment on each of the three aggravated robbery convictions because of his adjudged status as an habitual criminal.

It ordered the three life sentences to run concurrently with each other and concurrently with other life sentences the defendant had received for two other felony convictions.

## I.

The People argue that, pursuant to § 16–11–309(1)(a) C.R.S. (1986 Repl.Vol. 8A), the trial court was required to sentence the defendant to three consecutive, not concurrent, life sentences. We agree.

A defendant convicted of aggravated robbery pursuant to § 18–4–302(1)(b) must be sentenced according to the provisions of § 16–11–309. Section 18–4–302(4), C.R.S. (1986 Repl.Vol. 8B).

Section 16–11–309(1)(a), C.R.S., as applicable here, provides:

"[A]ny person convicted of a crime of violence shall be sentenced pursuant to section 18–1–105(9), C.R.S., to a term of incarceration greater than the maximum in the presumptive range, but not more than twice the maximum term, provided for such offense in section 18–1–105(1)(a), C.R.S., without suspension.... *A person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently.*" (emphasis supplied)

Thus, this statute mandates the imposition of both enhanced sentencing and consecutive sentences for the commission of multiple crimes of violence arising out of the same incident.

If, however, the defendant is also charged and adjudged an habitual criminal, the enhanced sentencing portion of this statute is preempted by the enhanced sentencing provisions of the habitual criminal statute, § 16–13–101. *See People v. Montgomery,* 737 P.2d 413 (Colo.1987); *People v. Russo,* 713 P.2d 356 (Colo.1986); *People v. Anderson,* 43 Colo.App. 178, 605 P.2d 60 (1979) (habitual criminal sentences supersede those statutorily mandated for specific crimes). When the habitual criminal statute applies, the court may not impose

any lesser sentence. *See People v. Reyes,* 728 P.2d 349 (Colo.App.1986).

■ The defendant's argument concedes this much, but he contends that the two sentencing provisions are mutually exclusive in their entirety and cannot be applied in tandem. Our reading of the statutes and cases, however, leads us to conclude that the preemptive scope of the habitual criminal statute does not extend so far as to preclude the mandatory consecutive sentencing requirement for *multiple* crimes of violence arising out of the same incident.

■ The consecutive sentencing requirement of § 16–11–309(1)(a) for multiple crimes of violence arising out of the same incident is one of a few express statutory restrictions placed on the trial court's discretion to impose concurrent or consecutive sentences. *See People v. Montgomery,* 669 P.2d 1387 (Colo.1983); *People v. Guevara,* 775 P.2d 74 (Colo.App.1989).

This sentencing requirement is a separate and distinct punishment from the required sentencing range for a defendant convicted of a particular substantive offense. *See People v. Akers,* 746 P.2d 1381 (Colo.App.1987). It reflects the expressed intent of the General Assembly to require the penalizing more severely those persons convicted of multiple offenses against multiple victims. Section 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B).

■ Here, the jury determined that defendant had committed three crimes of violence during his armed robbery of the three bar patrons and was an habitual criminal, having five prior felony convictions. Accordingly, the sentencing provisions of both Colo. Sess. Laws 1985, ch. 145, § 16–11–309(1)(a) and § 16–13–101 were both applicable. Consequently the trial court, properly applying the enhanced penalty for habitual offenders with three prior felonies, sentenced the defendant to life imprisonment for each of the aggravated robbery convictions.

Additionally, the express mandate of Colo. Sess. Laws 1985, ch. 145, § 16–11–309(1)(a) is that the defendant's sentences (whatever their length may be) must run consecutively to each other. The imposition of concurrent sentences impermissibly disregards the General Assembly's intent and circumvents the mandatory sentencing scheme. *See People v. Montgomery,* 737 P.2d 413 (Colo.1987). Therefore, the trial court erred as a matter of law in failing to impose consecutive life sentences.

## II.

■ Defendant argues that, even if the consecutive sentencing provision of § 16–11–309(1)(a) were construed to include habitual criminal sentences, consecutive life sentences would not be required here because only one crime of violence was charged in the information filed against him. We disagree.

Section 16–11–309(4), C.R.S. (1986 Repl. Vol. 8A) provides in pertinent part: "In any case in which the accused is charged with a crime of violence ... the indictment or information shall so allege in a separate count...." In this case, the information in a separate count did allege that defendant violated the mandatory sentence/violent crime provision of § 16–11–309.

Although the information does not include a separate crime of violence count for each of the three victims, we conclude that the charge, here, informed the defendant that enhanced sentencing was sought under § 16–11–309 and alleged sufficient facts to permit him to prepare an adequate defense and to assure that he could not be prosecuted again for the same crime. *Cf. People v. Chavez,* 730 P.2d 321 (Colo.1986) (information sufficiently alleged crime of violence). Accordingly, the information was sufficient to support the imposition of three consecutive life sentences.

## III.

Defendant's remaining contention is that, even if consecutive sentences were required, the mandatory sentence provision then in effect, Colo. Sess. Laws 1985, ch. 145, § 16–11–309(1)(a), was limited to only two crimes of violence and, therefore, only

one consecutive sentence is allowed. We disagree.

On the date of the aggravated robberies, August 19, 1987, § 16–11–309(1)(a) provided for consecutive sentences of a person "convicted of two separate crimes of violence...." This provision was amended, effective July 1, 1989, to require consecutive sentences of a person "convicted of two *or more* separate crimes of violence...." (emphasis added) *See* § 16–11–309(1)(a), C.R.S. (1989 Cum.Supp.).

Defendant argues that Colo. Sess. Laws 1985, ch. 145, § 16–11–309(1)(a), must be construed as limited to only two crimes of violence since the General Assembly meant to change existing law when it amended the statute to add the words "or more." *See Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). This presumption concerning an intent to change existing law, however, is not absolute and it has less force when arguably more specific language is added. *See People v. Hale*, 654 P.2d 849 (Colo.1982).

Here, the 1988 amendment adding the more specific language, "or more," is consistent with the General Assembly's intent to punish multiple crimes of violence more severely than individual crimes of violence. *See* § 18–1–408(3). We find no legislative history or reasoned support for defendant's interpretation that the General Assembly intended that only one consecutive sentence be imposed when crimes of violence have been committed against multiple victims. Such an interpretation would not render the entirety of the statutes effective and would not achieve a reasonable intent as contemplated by the General Assembly. *See* § 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *People v. Hale, supra.*

Hence, it is our conclusion that the 1988 amendment was meant to clarify, not to change existing law. Rather, the legislative intent of § 16–11–309(1)(a), as originally enacted, was to impose consecutive sentences on each and every crime of violence of which a person is convicted.

That part of the sentences imposed ordering defendant's three life sentences to be served concurrently is vacated, and the cause is remanded with directions to order defendant's three life sentences are so be served consecutively.

METZGER and CRISWELL, JJ., concur.