Benito ROBLES, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

Victor ROBLES, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

Nos. 90SC179, 90SC116.

Supreme Court of Colorado, En Banc.

May 20, 1991.

Rehearings Denied June 10, 1991.

David F. Vela, Colorado State Public Defender, Patrick J. Mulligan, Jenine Jensen, Deputy State Public Defenders, Denver, for petitioner Benito Robles.

Brega & Winters, Pamela A. Shaddock, Greeley, for petitioner Victor Robles.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

This is a certiorari review of two court of appeals decisions, *Benito Robles v. People*, No. 88CA163 (Colo.App. Jan. 4, 1990), and *Victor Robles v. People*, No. 88CA289 (Colo.App. Jan. 4, 1990).[1] Each of the defendants was convicted of two counts of aggravated robbery, two counts of first-degree assault, robbery of the elderly, first-degree burglary, theft, aggravated motor-vehicle theft, and seven counts of crime of violence; each was subsequently sentenced to five consecutive terms of imprisonment totaling 112 years. In both decisions the court of appeals upheld the trial court's ruling that the crime-of-violence statute, subsection 16–11–309(1)(a), 8A C.R.S. (1986), mandated the imposition of consecutive sentences whenever a defendant is convicted of more than one crime of violence arising out of the same incident. We disagree and accordingly reverse and remand for resentencing.

From 1985 to 1988, subsection 16–11–309(1)(a) (the 1985 statute), under which the defendants were sentenced, provided in relevant part that "[a] person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently" ("the consecutive-sentence clause").[2] The issue in this case is whether the court of appeals correctly held that the 1985 statute required the trial court to impose consecutive sentences for the five crime-of-violence convictions underlying the substantive criminal counts. The court of appeals rejected the defendants' argument that, where a person is convicted of two or more crimes of violence arising out of the same transaction, the 1985 statute required only that the trial court sentence that person to *two* consecutive terms and that the statute left to the trial court's discretion whether it should impose consecutive sentences on the remaining crime-of-violence convictions.[3]

---

1. Because we granted the defendants' petitions for certiorari on the identical issue, we have consolidated the two cases in this opinion.

2. Under the statute, persons convicted of violent crimes were required to be sentenced to a term of incarceration greater than the maximum in the presumptive range but not more than twice the maximum term, as provided for in section 18–1–105, 8B C.R.S. (1986). *See* § 16–11–309(1)(a).

3. During oral argument both counsel for the defendants acknowledged that the 1985 statute required consecutive sentences for at least the first two crime-of-violence convictions arising

■ The issue presented requires that we interpret the 1985 statute applying well-settled rules of statutory interpretation. Interpretation of statutes is a question of law, and this court may review interpretations of statutes under a *de novo* standard of review. *See, e.g., People v. Terry,* 791 P.2d 374, 376 (Colo.1990). The legislature's intent is the polestar of statutory construction. Courts look first to the statute's language to determine the legislative intent, and "[i]f the language in the statute is clear and the intent of the General Assembly may be discerned with reasonable certainty, it is not necessary to resort to other rules of statutory interpretation." *McKinney v. Kautzky,* 801 P.2d 508, 509 (Colo. 1990).

■ The 1985 statute's provision that "[a] person convicted of *two separate crimes of violence* arising out of the same incident shall be sentenced for *such crimes* so that sentences are served consecutively rather than concurrently" is not ambiguous. Under the statute, a defendant convicted of more than one crime of violence arising out of the same incident must be sentenced, at a minimum, to two consecutive terms for "such crimes." However, the statute requires nothing more of the trial court in the imposition of sentences for any remaining crime-of-violence convictions; rather, the statute leaves to the sentencing court's discretion whether additional consecutive sentences should be imposed for other crime-of-violence convictions arising out of the same incident.

In 1988 the legislature amended subsection 16–11–309(1)(a) (the 1988 statute), in relevant part as follows: "A person convicted of two *or more* separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." [4] *See* 1988 Colo.Sess.

Laws 679 (codified at § 16–11–309(1)(a), 8A C.R.S. (Supp.1990)) (emphasis supplied).

When a statute is amended it is presumed that the legislature intended to change the law. *E.g., People v. Davis,* 794 P.2d 159, 181 (Colo.1990). This presumption, however, may be rebutted when arguably more specific sections are added to a general section because such legislative action may indicate the legislature's intention to clarify the existing statute. *Id.; People v. Hale,* 654 P.2d 849, 851 (Colo.1982). The People argue that the 1988 amendment was not intended to change the statute to increase the severity of punishment for multiple crime-of-violence convictions but rather to "clarif[y] any ambiguity" in the consecutive-sentence clause, and therefore the presumption that the 1988 amendments "changed" the consecutive-sentence clause is rebutted. We disagree.

As we have indicated, the 1985 statute's consecutive-sentence clause contains no ambiguity, and thus there is no ambiguity to "clarify." We reject the People's assertion that "two" in the 1985 statute's consecutive-sentence clause somehow can mean "two or more." We must construe statutes as we find them, and in this case "two" in the 1985 statute can mean no more or less than "two."

Although this court has never considered the issue in this case, the court of appeals has construed the consecutive-sentence clause as requiring consecutive sentences for all convictions for crimes of violence arising out of the same incident in two cases. *See People v. Beyer,* 793 P.2d 644, 647–48 (Colo.App.1990); and *People v. Pena,* 794 P.2d 1070, 1072–73 (Colo.App.), *cert. denied* (1990); *see also People v. McGregor,* 757 P.2d 1082, 1084 (Colo.App. 1987) (noting, in *dictum,* that defendant who was convicted of multiple counts of crimes of violence was "required to be sentenced on a consecutive, rather than on a

out of the same transaction. Moreover, both counsel acknowledged that the 1985 statute does not *forbid* the imposition of more than two consecutive sentences, and that the trial court, on remand, may again impose five consecutive sentences on one or both defendants.

4. In 1988 the legislature also amended the statute to provide that "[a]ny person convicted of a crime of violence shall be sentenced ... to a term of incarceration ... OF AT LEAST THE MIDPOINT in the presumptive range, but not more than twice the maximum term." *See* 1988 Colo.Sess.Laws. 679.

concurrent, basis"), *cert. denied* (1988). In *Pena* the court stated:

> [T]he 1988 amendment adding the more specific language, "or more," is consistent with the General Assembly's intent to punish multiple crimes of violence more severely than individual crimes of violence. We find no legislative history or reasoned support for defendant's interpretation that the General Assembly intended that only one consecutive sentence be imposed when crimes of violence have been committed against multiple victims. Such an interpretation would not render the entirety of the statutes effective and would not achieve a reasonable intent as contemplated by the General Assembly.

> Hence, it is our conclusion that the 1988 amendment was meant to clarify, not to change existing law. Rather, the legislative intent of § 16–11–309(1)(a), as originally enacted, was to impose consecutive sentences on each and every crime of violence of which a person is convicted.

794 P.2d at 1073. The court of appeals analysis, however, suffers from the same flaw evident in the People's argument: the analysis presupposes that the consecutive-sentence clause is ambiguous or is in need of clarification. We are of the view, however, that the clause is not ambiguous, and we construe the 1988 amendment as effecting a change in the law concerning mandatory sentences for violent crimes. Accordingly, to the extent that the court of appeals cases are inconsistent with this opinion, they are overruled.[5]

The judgment of the court of appeals is reversed, and the cases are remanded to the court of appeals with directions to remand to the trial court for resentencing.

LOHR, J., specially concurs.

VOLLACK, J., dissents, and ERICKSON, J., joins in the dissent.

Justice LOHR specially concurring:

I concur in the judgment of the court. I write separately because I believe that the statute is ambiguous and that the rule of lenity must be applied to resolve this ambiguity in favor of the defendants. Therefore, I agree that section 16–11–309(1)(a), 8A C.R.S. (1986), requires the court to sentence Benito and Victor Robles to only two consecutive terms.

The version of section 16–11–309(1)(a) under which the Robleses were sentenced provides "[a] person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." § 16–11–309(1)(a), 8A C.R.S. (1986). When a defendant is convicted of more than two crimes of violence arising out of the same incident, the statute requires that at least two sentences be served consecutively. The statutory language, however, does not specifically address whether the sentences for the additional crimes of violence must be served consecutively or may be served concurrently. The majority interprets that section to read that only two of the sentences must be served consecutively. In contrast, I believe that the absence of specific legislative direction concerning consecutive sentencing for more than two convictions for crimes of violence makes the proper application of section 16–11–309(1)(a) ambiguous in this context. *See, e.g., People v. Newton*, 764 P.2d 1182, 1189 (Colo. 1988) (application of speedy trial statute to crimes commenced before but completed after statute's effective date).

---

**5.** *Beyer*, relying on *Pena*, contains only a brief and conclusory analysis of whether the 1985 statute's consecutive-sentence clause requires consecutive sentences for all multiple crime-of-violence convictions arising out of the same incident. For example, in *Beyer* the court of appeals analysis was as follows:

> As we recently noted [in *Pena* ], the express mandate of [the 1985 statute] is that the de-

> fendant's sentences, *whatever their length may be,* must run consecutively to each other. The imposition of concurrent sentences impermissibly disregards the General Assembly's intent and circumvents the mandatory sentencing scheme.

793 P.2d at 647. *Beyer* is thus no more persuasive than *Pena*.

When an ambiguity in a criminal statute renders it capable of alternative and conflicting constructions, this court employs the rule of lenity to interpret the statute. *Id.; People v. Russo,* 713 P.2d 356, 364 (Colo.1986) (rule of lenity applies when violent crime statute silent on the burden of proof). This rule of statutory construction requires that penal statutes, including those pertaining to sentencing, be strictly construed in favor of the accused. *People v. District Court,* 713 P.2d 918, 922 (Colo. 1986); *People v. Luciano,* 662 P.2d 480, 482 (Colo.1983); *People v. Lowe,* 660 P.2d 1261, 1267–68 (Colo.1983). Under the People's construction, the five sentences must be served consecutively. The Robleses' construction requires that only two of the five sentences be served consecutively. The rule of lenity mandates adoption of the latter construction.

Justice VOLLACK dissenting:

I disagree with the majority's conclusion that the 1988 amendment to section 16–11–309, 8A C.R.S. (1986), effected a change, rather than a clarification, in the law concerning consecutive sentencing for violent crimes. This conclusion is contrary to the legislative intent underlying the enactment of the 1985 amendment to section 16–11–309(1)(a). Accordingly, I respectfully dissent from the majority opinion.

On January 14, 1988, Benito Robles and Victor Robles each received five consecutive sentences for the five substantive counts for which violent crime findings were made. The pertinent mandatory sentencing provision for violent crimes is set forth in section 16–11–309, 8A C.R.S. (1986). Until 1985, this statute required more severe punishment for crimes of violence but was silent on the topic of consecutive sentencing for defendants who commit multiple crimes of violence during a single criminal incident. In 1985, the legislature amended section 16–11–309(1)(a) by adding the following consecutive-sentencing mandate: "A person convicted of *two* separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently."

(Emphasis added.) *See* Ch. 145, sec. 1, § 16–11–309(1)(a), 1985 Colo.Sess.Laws 647–48. This version of section 16–11–309(1)(a) was in effect for three years and applies to the Robleses' criminal acts committed in 1987. In 1988, the legislature amended section 16–11–309(1)(a)'s consecutive-sentencing provision to read: "A person convicted of *two or more* separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." (Emphasis added.) *See* Ch. 116, sec. 1, § 16–11–309(1)(a), 1988 Colo.Sess.Laws 679.

The majority now concludes that the "two or more" language in the 1988 amendment was not meant to clarify the intended meaning of the 1985 amendment. Instead, the majority construes the 1988 alteration from *"two* separate crimes of violence" to *"two or more"* as a change in the law on consecutive sentencing for multiple crime-of-violence convictions. *See* Maj. op. at 807. Thus, in the majority's view, the 1985 amendment unambiguously required that at least two sentences be served consecutively, regardless of the number of crime-of-violence convictions, and it was not until the 1988 amendment that the legislature mandated that each separate crime-of-violence conviction be punished with a consecutive sentence. I, however, reach a different conclusion based on my review of the legislative history preceding the enactment of the 1985 amendment to section 16–11–309(1)(a).

In accordance with the principles of statutory construction, this court must construe a statute so as to give effect to the legislative purpose underlying its enactment. *E.g., Farmers Group, Inc. v. Williams,* 805 P.2d 419, 422 (Colo.1991); *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555, 559 (Colo.1989). When the statutory language in question "is uncertain as to its intended scope, with the result that the statutory text lends itself to alternative constructions, then a court may appropriately look to pertinent legislative history in determining which alternative construction is in accordance with the objective sought

to be achieved by the legislation." *Id.* Although it is presumed that statutory amendments are intended to change the law, *People v. Hale,* 654 P.2d 849, 851 (Colo.1982), the majority acknowledges that this presumption may be rebutted when "more specific sections are added to a general section because such legislative action may indicate the legislature's intention to clarify the existing statute." Maj. op. at 806 (citing *Hale,* 654 P.2d at 851). Where it appears that an amendment is arguably an attempt to clarify a statute, then an examination of the legislative history surrounding the enactment of the statute is in order to discern legislative intent. *See Hale,* 654 P.2d at 851.

The 1988 amendment to section 16–11–309(1)(a)'s consecutive-sentencing mandate from "two" to "two or more" has generated uncertainty as to the legislature's intended instruction for the consecutive sentencing of violent-crime offenders. In determining whether the legislature intended to clarify the 1985 enactment of the consecutive-sentencing provision or to change the 1985 law, the contemporaneous statements of individual legislators are relevant to judicial inquiry into the legislature's objective. *See Archer Daniels Midland Co. v. State,* 690 P.2d 177, 183 (Colo.1984).

The original provision mandating consecutive sentencing for violent crimes appeared in House Bill No. 1320. At a House Judiciary Committee hearing on February 21, 1985, Representative Don Mielke, the House sponsor of the bill, made the following statements in regard to his consecutive-sentencing proposal:

> I also came up with an idea I had for another bill—the problem with the crimes of violence that judges in the justice system can sentence those to concurrent sentences, and if someone commits two crimes of violence, they still are only sentenced for four years rather than consecutive sentences. So I want the crimes of violence to be consecutive sentences, meaning two sentences of two four-years or a sentence of eight years so that person if they [sic] commit *two or more* serve consecutive sentences.

*Hearing on H.B. 1320 Before the House Judiciary Committee,* 55th Gen.Assembly, 1st Reg.Sess. (hearing tape 85–10, February 21, 1985, at 3:22:06 p.m.) (emphasis added). Representative Mielke's statement evinces a clear legislative intent to punish each crime of violence with an additional consecutive sentence, and effectively rebuts the presumption that the 1988 amendment was intended to change the consecutive-sentencing clause. The essence of his statement is that violent-crime offenders pose a greater threat to society than nonviolent criminal offenders and are therefore deserving of more severe sanctions. Thus, in Representative Mielke's words, a person who commits "two or more" crimes of violence would serve consecutive sentences for each offense with the enactment of House Bill No. 1320. The 1988 amendment was therefore a clarification added to reflect the original intent of the 1985 consecutive-sentencing law for violent crimes.

I respectfully dissent.

I am authorized to say that Justice ERICKSON joins in this dissent.