The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 21, 2020

**2020COA80**

**No. 17CA1304, *People v. Chavez* — Criminal Procedure —**

**Postconviction Remedies — Reduction of Sentence; Criminal**

**Law — Sentencing — Punishment for Habitual Criminals —**

**Mandatory Sentences for Violent Crimes**

Defendant, Nehemiah Felipe Chavez, appeals the district court's order denying his Crim. P. 35(b) motion for sentence reconsideration.  He contends that the court should not have imposed consecutive sentences under the crime of violence statute because he was sentenced under the habitual criminal statute.

Applying the principles of statutory construction set forth in *People v. Adams*, 2016 CO 74, a division of the court of appeals agrees with the trial court and concludes, like an earlier division — *see People v. Pena*, 794 P.2d 1070 (Colo. App. 1990), *overruled on other grounds by Robles v. People*, 811 P.2d 804 (Colo. 1991) — that

there is no conflict between the two provisions.  Thus, the division concludes that (1) both provisions applied to Chavez and (2) they required the district court to impose Chavez's two habitual offender sentences to run consecutively.

COLORADO COURT OF APPEALS     **2020COA80**

---

Court of Appeals No. 17CA1304
Weld County District Court No. 11CR378
Honorable Shannon D. Lyons, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Nehemiah Felipe Chavez,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE FURMAN
Welling and Pawar, JJ., concur

Announced May 21, 2020

---

Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Heather Wong, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Nehemiah Felipe Chavez, appeals the district court's order denying his Crim. P. 35(b) motion for sentence reconsideration. He contends that the court should not have imposed consecutive sentences under the crime of violence statute because he was sentenced under the habitual criminal statute. We disagree and, therefore, affirm the order.

## I.    Chavez's Sentence

¶ 2    A jury found Chavez guilty of two counts of attempted second degree murder and one count of attempted manslaughter. The jury also found that Chavez's two convictions for attempted second degree murder were crimes of violence.

¶ 3    The district court found that Chavez had three prior felonies and adjudicated him a habitual criminal.

¶ 4    On each conviction for attempted second degree murder, the court sentenced Chavez to sixty-four years in the custody of the Department of Corrections (DOC) — the mandatory sentence under the habitual criminal statute. *See* § 18-1.3-801(2)(a)(I), (2)(a)(I)(A), C.R.S. 2019. Then, the court applied the crime of violence statute's consecutive sentencing requirement, which provides that a "court shall sentence a person convicted of two or more separate crimes of

violence arising out of the same incident so that his or her sentences are served consecutively rather than concurrently." § 18-1.3-406(1)(a), C.R.S. 2019. Because Chavez's two convictions were crimes of violence arising out of the same incident, the court ordered Chavez's two sentences to run consecutively. The court also imposed a concurrent twelve-year sentence on the attempted manslaughter conviction. All told, Chavez received an aggregate sentence of 128 years.

¶ 5 On direct appeal, a division of this court affirmed the judgment of conviction. *See People v. Chavez*, (Colo. App. No. 12CA1774, Dec. 17, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 6 Chavez then filed a Crim. P. 35(b) motion and a supplemental brief in which he contended that the court should impose all three of his sentences to run concurrently. He claimed that section 18-1.3-406(1)(a)'s consecutive sentencing requirement should not apply where a defendant is sentenced under the habitual criminal statute, section 18-1.3-801.

¶ 7 The district court denied Chavez's motion, concluding that the crime of violence statute required it to impose consecutive

sentences on his two convictions for attempted second degree murder.

## II.    Standard of Review

¶ 8    We review a ruling on a Crim. P. 35(b) motion for an abuse of discretion.  *People v. Rodriguez*, 914 P.2d 230, 288 (Colo. 1996).  A court abuses its discretion if it misinterprets or misapplies the law.  *People v. Henson*, 2013 COA 36, ¶ 9.  The proper interpretation of a sentencing statute presents a question of law, which we review de novo.  *People v. Adams*, 2016 CO 74, ¶ 12.  So, here, we review de novo whether the district court misinterpreted or misapplied the sentencing statutes.

## III.    Analysis

¶ 9    Chavez does not dispute that his two convictions for attempted second degree murder constituted "separate crimes of violence arising out of the same incident" under section 18-1.3-406(1)(a).  Thus, the crime of violence statute required the district court to impose consecutive sentences on those two convictions.

¶ 10    But Chavez contends that the consecutive sentencing requirement in the crime of violence statute does not apply when a defendant is sentenced under the habitual criminal statute.

¶ 11     A division of this court previously addressed the same issue we now face.  *See People v. Pena*, 794 P.2d 1070, 1071-72 (Colo. App. 1990), *overruled on other grounds by Robles v. People*, 811 P.2d 804, 806-07 (Colo. 1991).  In *Pena*, the division recognized that the habitual criminal statute preempts one provision in the crime of violence statute.  *See id.*  The first sentence of section 18-1.3-406(1)(a) requires that the length of a sentence for a crime of violence be "at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in section 18-1.3-401(1)(a), [C.R.S. 2019]."  That provision is incompatible with, for example, the habitual criminal statute requiring a sentence of either three times or four times the maximum of the presumptive range.  *See* § 18-1.3-801(1.5), (2).  So, the *Pena* division held that the habitual criminal statute preempts incompatible provisions of the crime of violence statute.  794 P.2d at 1071-72; *see also People v. Hoefer*, 961 P.2d 563, 568-69 (Colo. App. 1998) (same).

¶ 12     But *Pena* held that "the preemptive scope of the habitual criminal statute does not extend so far as to preclude the mandatory consecutive sentencing requirement for multiple crimes

4

of violence arising out of the same incident." 794 P.2d at 1072. We agree with *Pena.*

¶ 13 The habitual criminal statute says nothing about whether multiple habitual criminal sentences should be imposed consecutively or concurrently. *See generally* § 18-1.3-801. And the provision in the habitual criminal statute under which Chavez was sentenced says nothing about the situation of triggering offenses being crimes of violence. *See* § 18-1.3-801(2). Because the crime of violence statute's consecutive sentencing requirement does not conflict with the habitual criminal statute, we must give effect to both.

¶ 14 *Adams* is persuasive authority on the issue. There, the supreme court faced "the intersection of two sources of sentence enhancement": section 18-1.3-401(8)(a)(IV), which requires an aggravated sentence range, and section 18-3-203(1)(f), C.R.S. 2019, which requires consecutive sentences. *Adams*, ¶¶ 2, 13-17. The court concluded there was no conflict between these provisions. *Id.* at ¶ 11. It explained,

> The plain language of these two statutes permits us to give effect to both provisions. A specific or local provision may apply to the

> exclusion of a general provision, but that rule only applies where "the conflict between the provisions is irreconcilable." § 2-4-205[, C.R.S. 2019] . . . . Here, there is no such conflict. A defendant can be sentenced to a greater number of years based on the general aggravator, <u>and</u> he can be made to serve that sentence [consecutively] following completion of his other sentences. We therefore apply both provisions.

*Id.* at ¶ 16; *see also People v. Opana*, 2017 CO 56, ¶ 11 ("If a statute is clear and unambiguous, and is not in conflict with another statute, it must simply be applied as written.").

¶ 15 Likewise, we conclude there is no conflict between the habitual criminal statute and the crime of violence statute's consecutive sentencing requirement. So, we must give effect to both.

¶ 16 But wait, says Chavez. His interpretation of the statutory scheme avoids the unjust and unreasonable result that the habitual offender sentence enhancements could mandate a harsher sentence for an individual who commits multiple crimes of violence arising out of a single occasion than one who does so through separate and distinct criminal episodes. But we see nothing unjust or unreasonable about this result. The legislature has mandated a harsher, consecutive, sentence for crimes of violence arising out of a

single incident and has not done so for crimes of violence arising out of separate incidents.

¶ 17    Chavez also contends that we should construe the statutory scheme to preserve district courts' sentencing discretion. *See, e.g., People v. Padilla*, 907 P.2d 601, 609-10 (Colo. 1995) ("We decline to interpret [a particular statute and rule of criminal procedure] in a manner that compromises the effectiveness of discretionary sentencing."). But the legislature has removed this discretion in cases such as the present one.

¶ 18    Chavez also asks us to consider the statutory construction aids enumerated in section 2-4-203, C.R.S. 2019, along with the rule of lenity. *See People v. Thoro Prods. Co.*, 70 P.3d 1188, 1198 (Colo. 2003) ("[A]mbiguity in the meaning of a criminal statute must be interpreted in favor of the defendant under the rule of lenity."). But these principles apply only where a statutory scheme is ambiguous. § 2-4-203(1); *Thoro Prods. Co.*, 70 P.3d at 1198. We discern no ambiguity in the fact that both section 18-1.3-801(2) and the last sentence of section 18-1.3-406(1)(a) apply. So, we need not rely on these principles.

¶ 19     That this is an appeal of the district court's order denying Chavez's Crim. P. 35(b) motion does not change the analysis. "Under Crim. P. 35(b), the court's discretion is constrained by applicable statutory limits." *People v. Dunlap*, 36 P.3d 778, 781 (Colo. 2001). "Crim. P. 35(b) cannot expand the trial court's authority in resentencing beyond that which it had initially." *Id.* "The same statutes that governed the original sentencing limit the trial court's authority on resentencing." *Id.*

¶ 20     At oral argument, Chavez argued for the first time that the district court had the discretion in a Crim. P. 35(b) proceeding to change consecutive sentences to concurrent sentences under the provision in section 18-1.3-406(1)(a) allowing a court to modify a sentence "in a case which it considers to be exceptional and to involve unusual and extenuating circumstances." Because Chavez did not raise this argument in the district court to preserve it for appeal, we will not consider it. *See People v. Huggins*, 2019 COA 116, ¶ 17 ("When a defendant does not raise an issue in a postconviction motion or during the hearing on that motion, and the postconviction court therefore does not have an opportunity to

8

rule on the issue, as a general rule, the issue is not properly preserved for appeal and we will not consider it.").

¶ 21     We recognize that Chavez's aggregate DOC sentence is lengthy. But reviewing the applicable sentencing statutes de novo, we conclude that they required the district court to impose consecutive sentences on Chavez's two convictions for attempted second degree murder. Thus, the court did not abuse its discretion in denying Chavez's Crim. P. 35(b) motion.

IV.   Conclusion

¶ 22     The order is affirmed.

JUDGE WELLING and JUDGE PAWAR concur.